AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

__SOUTHERN__    District of    __NEW YORK__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JACQUELINE JIMENEZ | JUDGMENT IN A CRIMINAL CASE |
| | Case Number: 1:S2 11CR01072-28(DLC) |
| | USM Number: 67175-054 |
| | __Carlos Gonzalez__    AUSA: Jason Masimore<br>Defendant's Attorney |

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE: 10/16/2013

**THE DEFENDANT:**

x  pleaded guilty to count(s)   __2__

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Engage in the Unlawful Wholesale Distribution of Prescription Drugs | 07/31/2012 | 2 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

| | | | | |
|---|---|---|---|---|
| x Count(s) | 1 of S2 11 Cr. 1072 | x is | ☐ are | dismissed on the motion of the United States. |
| x Underlying | S1 11 Cr. 1072 | x is | ☐ are | dismissed on the motion of the United States. |
| x Motion(s) | _____ | is | x are | denied as moot. |

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 11, 2013
Date of Imposition of Judgment

_/s/ Denise Cote_
Signature of Judge

Denise Cote, U.S. District Judge
Name and Title of Judge

October 16, 2013
Date

DEFENDANT:      JACQUELINE JIMENEZ
CASE NUMBER:    1:S2 11CR01072-28(DLC)

## PROBATION

The defendant is hereby sentenced to probation for a term of :   5 years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JACQUELINE JIMENEZ
CASE NUMBER: 1:S2 11CR01072-28(DLC)

## ADDITIONAL PROBATION TERMS

The defendant shall comply with the conditions of Location Monitoring for a period of six months, which program may include electronic monitoring or voice identification. During this time the defendant will remain at her place of residence except for employment and other activities, as approved by the probation officer. The defendant will maintain a telephone at her place of residence without call forwarding, a modem, caller ID, or call waiting for the above period; portable cordless telephones are not permitted. Location Monitoring shall commence on a date to be determined by the probation officer. The defendant shall pay the costs of Location Monitoring on a self-payment or co-payment basis as directed by the probation officer.

The defendant shall pay restitution in the amount of $2,019,934.32 to the New York State Department of Health. Payments shall be made to the Clerk, U.S. District Court, Attn: Cashier's Office, for disbursement to the victim identified on page 4. Restitution shall be made according to the schedule set forth on page 5. Restitution is imposed jointly and severally with any co-conspirator.

The defendant shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant must seek and maintain full-time employment.

The defendant shall perform 100 hours of community service approved by the Probation Department per year for three years.

The defendant is to provide the Probation Department access to any and all requested financial information.
The defendant must not incur any new credit card charges or open any new credit line without approval of Probation.

The defendant shall notify the U.S. Attorney's Office for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall be supervised by the district of residence.

**DEFENDANT:** JACQUELINE JIMENEZ
**CASE NUMBER:** 1:S2 11CR01072-28(DLC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $ 100.00  | $0   | $ 2,019,934.32 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| NYS Department of Health<br>Fiscal Management Group<br>Corning Tower, Room 2737<br>Empire State Plaza<br>Albany, NY 12237<br>Attn: Dennis Wendell<br>Chief Accountant | $2,019,934.32 | $2,019,934.32 | |
| **TOTALS** | $ $2,019,934.32 | $ $2,019,934.32 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

   ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JACQUELINE JIMENEZ
CASE NUMBER: 1:S2 11CR01072-28(DLC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F  ☐  Special instructions regarding the payment of criminal monetary penalties:
    The defendant shall pay 10% of her gross monthly income toward the payment of restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X**  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

Juan Carlos Viera, Jose Manuel Dominguez, Carlos Alberto Padron, Juan Manuel Tavarez Padilla, Juan Tavarez, Aura Cataline Tavarez, Edwin M. Tavarez, Israel Tacher, Roberto Tacher, Vanessa Rosario, Eligio Armas, Eduardo Diaz, Carlos Peralta, Joselito Peralta, Juan Carlos Peralta, Kelvin Manuel Martinez Taveras, Hanswer Olivo Liranzo, Glenn Luis Cabrera, Fary R. Caba Padilla, Miguel Padilla, Americo Luis Garcia Dominguez, Wilfred Rodriguez, Jose Ramon Gonzalez, Alex Justo, Yoel Fernandez Rivero, Amauris Rosario, Luis Santana, Bayohan Diaz, Cayetano Paulino, Armando Garcia, Sergio Novo, Lazaro Ospina, Alex Oria, Kenneth Nelson, Conrado Vasquez, Abel Gonzalez, Efren Ruiz, Felipe Wated and Joe H. Nelson, 11 Cr. 1072

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.